IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    CRIMINAL NO. 08-459 |
| | : |
| v. | : |
| | : |
| ANGEL CORREA | : |

### MEMORANDUM

In his *pro se* motion under 28 U.S.C. § 2255, Angel Correa ("Correa") challenges his sentence, arguing that it was wrongly enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He argues that he is entitled to relief because he was ineligible for sentencing under ACCA and explains that his untimely Motion is not time-barred because of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019) ("*Rehaif*"). Because Correa's claim is time-barred, we shall deny his motion without an evidentiary hearing.

### I.   Background

Angel Correa was charged in a one-count indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 1. On December 15, 2008, Correa entered a guilty plea before the Honorable John Fullam.[1] On March 17, 2009, he was sentenced to 180 months imprisonment.

---

[1] This matter was reassigned under Local Rule of Criminal Procedure 50.1 from the Honorable

ECF No. 24. At the time of sentencing, Correa had four separate felony drug convictions under Pennsylvania law for arrests that took place in 2004 and 2005.

On March 24, 2009, Correa filed a timely notice of appeal. ECF No. 25. He then moved to voluntarily dismiss his appeal stating, "[c]ounsel and the appellant have concluded that no relief can be obtained by proceeding with the appeal." *United States v. Angel Correa*, No. 09-1857, Dk. No. 17 (3d Cir. Sept. 3, 2009). On June 9, 2020, Correa filed this *pro se* Motion under 28 U.S.C. § 2255. *United States v. Angel Correa*, No. 08-0459, ECF No. 36. The government filed a response asking that we deny Correa's Motion without a hearing and decline to issue a certificate of appealability. *See* ECF No. 38.

## II. Standard of Review

Section 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255 permits a prisoner sentenced by a federal court to move the court that imposed the sentence to "vacate, set aside or correct the sentence" where: (1) the sentence imposed was in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in

---

John P. Fullam to the Honorable Lawrence F. Stengel on May 18, 2011. ECF No. 33. It was again reassigned to the Honorable Chad F. Kenney on July 6, 2020. ECF No. 35.

excess of the maximum authorized by law; or (4) the sentence was otherwise subject to collateral attack. *See* 28 U.S.C. § 2255(a). If the files and records of the case conclusively show that the prisoner is entitled to no relief, the court need not hold a hearing on the motion. 28 U.S.C. § 2255(b).

"Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review." *Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Courts will exempt a convicted defendant from that rule if he can prove either that he is actually innocent of the crime for which he was convicted, or that there is a valid cause for the default, as well as prejudice resulting from the default. *Bousley*, 523 U.S. at 622. Section 2255 motions filed by *pro se* parties are entitled to a liberal construction. *See United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999).

**III.    Discussion**

    **A.    Correa's Claim is Untimely**

Correa relies on the United States Supreme Court's *Rehaif v. United States*, 139 S.Ct. 2191 (2019) ("*Rehaif*") decision to establish the timeliness of his Motion. *See* ECF No. 36 at 11. A Section 2255 motion must be filed within one year of the conviction becoming final. 28 U.S.C. § 2255(f)(1). Section 2255(f)(3), however, allows for the one-year limitation period to begin running from "the date on which

the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." *See* 28 U.S.C. § 2255(f)(3).

Construing Correa's Motion liberally, we do not read his Motion as asserting a *Rehaif* claim to challenge his conviction under 18 U.S.C. §922(g)(1).[2] Instead, we understand Correa to contend that *Rehaif* created an opportunity for him to file the instant Motion—circumventing Section 2255(f)(1)'s one-year statute of limitation—asserting that he is entitled to relief under Section 2255 because the Court incorrectly applied ACCA to his case at sentencing. ECF No. 36 at 6, 11.

ACCA mandates a fifteen-year minimum prison sentence for a defendant who is convicted of a violation of 18 U.S.C. § 922(g) and "has three previous convictions ... for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*…" 18 U.S.C. § 924(e)(1) (emphasis added). At sentencing, Judge Fullam designated Correa an armed career criminal under ACCA. Because he had four prior felony convictions for controlled substances offenses, his base offense level, under U.S.S.G. § 2K2.1(a)(2), was 24. All four prior criminal convictions were for "serious drug offenses," under Section 924(e)(2)(A). Under

---

[2] In *Rehaif*, the Supreme Court "conclude[d] that in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S.Ct. at 2200.

4

U.S.S.G. § 4B1.4, he was deemed an armed career criminal, fixing his total offense level at 30, after adjustments under U.S.S.G. §§ 3E1.1(a) and (b). With a criminal history category of VI, his guideline range was 180 to 210 months. He was sentenced to the mandatory minimum sentence of 180 months' imprisonment.

Correa acknowledges that he had four prior convictions at the time of his federal firearms offense but argues that these convictions merged into one conviction because the sentences were to run concurrently. ECF No. 36 at 6. Thus, he argues that ACCA should not have been applied to his case at sentencing because he only had one predicate offense. *Id*.

Correa's claim for relief in the instant motion is barred by the applicable one-year statute of limitations running from the date his judgment of conviction became final. *See* 18 U.S.C. 2255(f)(1).[3] His conviction became final in 2009 when he did not pursue his direct appeal. Correa did not file this Motion until June 9, 2020. Indeed, Correa acknowledges that he "was sentenced in 2009 . . . I understand that this clearly is years after my conviction date…"  ECF No. 36 at 11. Other than *Rehaif*, Correa does not present any basis to alter or toll the running of the one-year

---

[3] Even if Correa were not time-barred, this argument lacks merit. Our Court of Appeals has explained that "individual convictions may be counted for purposes of sentencing enhancement so long as the criminal episodes underlying the convictions were distinct in time." *United States v. Schoolcraft*, 879 F.2d 64, 73 (3d Cir. 1989). Correa's offenses at issue occurred on separate occasions because "the criminal episodes [were] distinct in time." *United States v. Blair*, 734 F.3d 218, 229 (3d Cir. 2013) (quoting *Schoolcraft*, 879 F.2d at 73).

limitation period of § 2255(f)(1).[4] Thus, a hearing on the motion is not necessary because "the files and records of the case conclusively show that [Correa] is entitled to no relief." 28 U.S.C. § 2255(b).

### B. Correa's Procedural Default and Lack of Actual Innocence

Even construing Correa's Motion most liberally to raise a *Rehaif* claim, he has procedurally defaulted on all claims that he did not raise on direct appeal. *See Hodge v. United States*, 554 F.3d 372, 378–79 (3d Cir. 2009) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)). Correa did not appeal his conviction, and thus, did not raise any claims on direct appeal.

To obtain collateral review on a procedurally defaulted claim, Correa would have to show either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent. *See Bousley*, 523 U.S. at 621 (stating, "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review").

Cause may exist "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). Correa would be unable to show cause because the issue decided in *Rehaif* was not so novel

---

[4] Correa does not allege that he was impeded in timely filing his Motion by any governmental action. *See* 28 U.S.C. § 2255(f)(2). He also does not allege any new facts in support of his motion and admits that the basis for this motion now is the same basis of the appeal he considered filing in 2009. *See* 28 U.S.C. § 2255(f)(4).

that its legal basis was not available to him in 2009. "The issue decided in *Rehaif* was percolating in the courts for years," including by the time Correa was charged and plead guilty. *United States v. Murphy*, No. 1:13-CR-060, 2020 WL 1891791, at *2 (M.D. Pa. Apr. 16, 2020) (citations omitted) (collecting cases). *See also United States v. Battle*, No. CR 16-017, 2020 WL 4925678, at *6 (W.D. Pa. Aug. 21, 2020). Correa would have been unable to establish cause for his failure to raise his claims on direct appeal, and a *Rehaif* claim would be procedurally defaulted.[5]

Finally, Correa would be unable to establish that he is actually innocent. "To establish actual innocence, [Correa] must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*, 523 U.S. at 623. We think that a reasonable juror would have concluded, beyond a reasonable doubt, that Correa was aware of his status as a felon when he possessed the firearm at issue in the Indictment on or about March 27, 2008. ECF No. 1. *See also Rehaif*, 139 S.Ct. at 2194. Correa's Presentence Investigation Report, to which he did not object, shows that before possessing the firearm on or about March 27, 2008, Correa plead guilty to and was convicted of four felony offenses under Pennsylvania law.

Thus, even if Correa had raised a *Rehaif* claim, he would be unable to

---

[5] Because Correa would be unable to establish cause, we do not address the issue of prejudice.

7

overcome this procedural default because he would be unable to show both cause excusing his default and actual prejudice resulting from the error, or that he is otherwise actually innocent.

### C. We Deny a Certificate of Appealability

In issuing a final Order denying a Section 2255 motion, we must also decide whether to issue or deny a certificate of appealability. *See* 28 U.S.C. § 2255. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We will not issue a certificate of appealability in this case because Correa did not "make a substantial showing of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2).

### IV. Conclusion

For the foregoing reasons, we deny Correa's Motion to Vacate without an evidentiary hearing. We find no basis for a certificate of appealability. An appropriate Order follows.

DATED: September 14, 2020

BY THE COURT:

/s/ Chad F. Kenney
CHAD F. KENNEY, J.